IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

T.K. STANLEY, INC.
A MISSISSIPPI CORPORATION                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:08-CV-151KS-MTP

S. LAVON EVANS JR. OPERATING CO., INC.
A MISSISSIPPI CORPORATION, ET AL.                         DEFENDANTS

S. LAVON EVANS JR. OPERATING CO., INC.,
AND E & D SERVICES INC.                                THIRD-PARTY PLAINTIFFS

VERSUS

HEARTLAND ENERGY LAND OPERATING, L.P.,
ET AL.                                              THIRD-PARTY DEFENDANTS

LUCAS CAPITAL A/K/A LUCAS CAPITAL
EXPLORATION VENTURE, ET AL                          CROSS-PLAINTIFFS

VERSUS

HEARTLAND ENERGY LAND OPERATING, L.P., ET AL     CROSS-DEFENDANTS
\

**<u>MEMORANDUM OPINION AND ORDER</u>**

     This matter is before the court on a Motion to Remand or in the Alternative to Sever and Remand **[#9]** filed on behalf of the Defendant/Third-Party Plaintiffs S. Lavon Evans Jr. Operating Co., Inc., and E & D Services Inc., and on a joinder in only the Motion to Remand **[#12]** filed on behalf of the Cross-Plaintiffs, Lucas Capital. The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the alternative to sever and remand should be granted. The court finds specifically as follows:

## FACTUAL BACKGROUND

This case began as a simple collection action on an open account. It has since become so convoluted as to give the illusion of complexity. Evans is in the business of drilling, operating and maintaining wells for oil and gas production. The plaintiff, T. K. Stanley ("Stanley"), is a sub-contractor for Evans and claims sums due on open accounts for various supplies and services. On July 24, 2007, Stanley filed three separate actions in State Court:

>   a. T. K. Stanley, Inc. A Mississippi Corporation v. S. Lavon Evans, Jr. Operating Co., Inc. A Mississippi Corporation, Civil Action No. CV-2007-118-W;
>
>   b. T. K. Stanley, Inc. A Mississippi Corporation v. E & D Services, Inc., A Mississippi Corporation, Civil Action No. CV- 2007-119-W; and
>
>   c. T. K. Stanley, Inc. A Mississippi Corporation v. Lavon Evans Operating, A Mississippi Corporation, Civil Action No. CV-2007-120-W

All three actions were based upon simple breach of contract on a Mississippi open account, for work and materials done and utilized in Mississippi and Alabama. On March 12, 2008, the defendants moved to consolidate the above three cases and transfer the case to Jones County Circuit Court, Second District. The Motions were granted on March 24, 2008, and the action was consolidated under Civil Action No. 2008-44CV3 and transferred to Jones County.

On March 24, 2008, Evans filed a motion for leave to file a Third-party Complaint against several operating partners alleging they are liable for the payments due Stanley. That motion was granted and Evans filed its Third-party Complaint alleging a breach of contract by the third-party defendants.

Evans is in the business of drilling, operating and maintaining oil and gas wells.

In going about its business, Evans utilizes sub-contractors such as T.K. Stanley. HEI Resources, Inc. and its sister companies, Heartland Energy Land Operating, and Heartland Energy of Colorado, are run by Charles Reed Cagle. Cagle raises money from others in order to form partnerships or "joint ventures" which then seek out prospects to drill for hydrocarbons in an effort to make money for the partnerships. Evans contracted with many partnerships formed by Cagle to drill wells in Mississippi, Alabama, and Texas. This suit only concerns contracts made in Mississippi for work in Mississippi and Alabama, they do not concern any well or obligation in Texas.

The partnerships are alleged to be in arrears to Evans for more than two million dollars ($2,000,000.00) for wells drilled and operated in Mississippi and Alabama. Evans asserts that the partnership agreements executed by Cagle's investors expressly state that each member is jointly and separately liable for all liabilities of that partnership. See for example Exhibit "A," "Agreement Old Harmony #7." Therefore, Evans' Third-party Complaint named as many of the partners as Evans was aware of at the time of the filing of the Complaint. The Third-party Complaint named ninety-four (94) entities and individuals, all of which are allegedly subject to unlimited joint and several liability for the debts of the partnership venturers. Also named were 900 John Does whose identities were unknown to Evans at the time. Evans asserts that it intends to name other persons who are liable for the open accounts at issue.

In the time since the Third-party Complaint was filed, some third-party defendants have been dismissed. On July 22, 2008, Evans filed leave in state court to amend its Complaint to add one hundred eleven (111) new third-party defendants because of evidence that they partnered with HEI in contracts with Evans. Since the

filing of the original Third-party Complaint, various groups of third-party defendants filed answers and motions to dismiss under rule 12, all of which were to be heard on July 28, 2008 in Jones County, Mississippi.

On July 21, 2008, four third-party defendants, Heartland Energy Land Operating, L.P., Heartland Energy of Colorado, HEI Resources, and Charles Reed Cagle filed a Notice of Removal, encompassing this entire case to federal court on the basis of a Cross-Claim filed by one set of third-party defendants, Lucas Capital Exploration Venture 1 through 5 ("Lucas"), on June 19, 2008. The Lucas cross-claim was based upon alleged violations of federal law such as the Securities Act of 1933, 15 U.S.C. §77a, *et seq*; the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*; and the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa, *et seq*, as well as state law claims such as fraud and misrepresentation. None of the other 80 or so third-party defendants removed or joined in the removal of the case.

Evans argues that the Notice of Removal cited no authority for the premise that a third-party defendant may remove an entire ongoing case, due to a cross-claim by a small number of other third-party defendants. Evans also contends that the Notice of Removal merely alleged federal question jurisdiction and cited no federal cause of action or specific claim. The Notice of Removal does not allege diversity jurisdiction.

## **STANDARD OF REVIEW**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly

before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## **ANALYSIS**

Evans is correct that the majority view is to never allow a third-party defendant to remove a state based case to federal court. *See e.g., Easton Financial Corp. v. Allen*, 846 F. Supp. 652, 653 (N.D. Ill. 1994)(noting that "the substantial majority of the many judicial opinions that have dealt with the subject matter have held that a third party-defendant cannot invoke removal jurisdiction at all- a view that is uniformly held by the leading treatises on the subject")(quoting 14 A. Charles Wright, Arthur Miller & Edward Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3731 at 502 & n. 4 (2d Ed.1985). However, the Fifth Circuit has been in the minority in allowing, in limited circumstances, third parties to remove cases to federal court. This court is, of course, bound by the rulings of that court.

The seminal Fifth Circuit case on this point is *Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980)(Allowing indemnity defendant to remove a case to federal court). The *Carl Heck* court disagreed with the majority of other Circuits and held that 28 U.S.C. § 1441(c) allowed a third-party defendant to remove a claim separate and independent from the initial cause of action. In *Carl Heck*, the basis for federal jurisdiction was diversity. However, section 1441(c) was amended by Congress to limit removal of separate and independent claims to only those raising federal question jurisdiction under 28 U.S.C. § 1331. *See Auto Transportes Gacela S.a. De C.v. v. Border Freight Distributing and Warehouse, Inc.*, 792 F.Supp. 1471 (S.D. Tex. 1992). 28 U.S.C. §1441(c) now provides as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Therefore, even though the underpinning of *Carl Heck* is questioned by Evans, the basic holding that a separate and independent claim can be the basis for removal by a third-party defendant remains intact as long as the claim raises federal question issues. That is precisely the issue here.

In order for the court to properly entertain removal jurisdiction under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint. *See Franchise Tax Board v. Construction Laborers*

*Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). The cross-claim filed by Lucas against Cagle and HEI raises federal question issues under the Securities Act and the other federal statutes and the claim is separate and independent from the initial cause of action. *See In re Wilson Industries, Inc.*, 886 F.2d 93 (5th Cir. 1989)(holding that "where the third party complaint seeks indemnity based on a separate obligation owed to the defendant . . ., there is a separate and independent claim.").

Evans also argues that this case should be remanded because the removal petition fails to join all the defendants. As a general rule, all served defendants must join in the Petition for Removal no later than thirty (30) days from the day in which the first defendant was served, or in this case, no later than thirty (30) days from the date that the third-party defendant was served. *Moody v. Commercial Insurance Co. of Newark New Jersey*, 753 F.Supp. 198 (N.D. Texas 1990)(citing *Getty Oil Corp. v. Ins Co. of North America,* 841 F.2d 1264, 1263 (5th Cir. 1988). This general rule is subject to three well recognized exceptions. The court agrees that the exception that applies in this case is that all defendants do not have to join where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Moody*, 753 F.Supp. at 200. Although failure of all defendants to join is usually a bar to removal, if one defendant's removal petition is premised on removable claims, "separate and independent" from claims brought against other defendants, consent of the other defendants is not required. *Henry v. Independent American Savings Assn.*, 857 F.2d 995, 999 (5th Cir. 1988). Joinder in the removal petition was not feasible in this case as

Cagle/HEI were cross-claimed by a group of co-third party defendants.

The court therefore finds that the case was removable on the basis of the separate and independent claims asserted by the Lucas third party defendants against the HEI/Cagle third party defendants on the basis of federal question jurisdiction. However, the court also finds that state law claims predominate in the remaining issues involved and that all claims, except those referenced above, should be remanded to the state court. This court will retain jurisdiction over only the federal question cross claims filed by the Lucas third party defendants against the HEI/Cagle third party defendants set forth in their June 19, 2008, cross complaint. Further the court will not rule on the cross defendants' request to transfer this matter to Texas district court until a proper motion to transfer has been filed and the matter has been fully briefed.

IT IS THEREFORE ORDERED AND ADJUDGED that Alternative Motion to Sever and Remand **[#9]** filed on behalf of the Defendant/Third-Party Plaintiffs S. Lavon Evans Jr. Operating Co., Inc., and E & D Services Inc., is granted and that the joinder in only the Motion to Remand **[#12]** filed on behalf of the Cross-Plaintiffs, Lucas Capital is denied.

IT IS FURTHER ORDERED AND ADJUDGED that this case was removable on the basis of the separate and independent claims asserted by the Lucas third party defendants against the HEI/Cagle third party defendants on the basis of federal question jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that state law claims predominate in the remaining issues involved and that all claims, except the federal question cross

claims filed by the Lucas third party defendants against the HEI/Cagle third party defendants set forth in their June 19, 2008, cross complaint, should be severed and remanded to the state court and the clerk of the court is directed to send those claims back to the Circuit Court for the Second Judicial District of Jones County, Mississippi.

    IT IS FURTHER ORDERED AND ADJUDGED that the parties shall assist the clerk of this court in assuring that the proper potions of the record are retained in this case and that the proper portions are remanded to the state court.

    SO ORDERED AND ADJUDGED this 23rd day of September, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE